UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>                            Plaintiff,<br><br>v.<br><br>SAN DIEGO STATE UNIVERSITY LIBRARY SECURITY GUARD; SAN DIEGO STATE UNIVERSITY CAMPUS POLICE OFFICER; SAN DIEGO STATE UNIVERSITY CAMPUS POLICE DEPARTMENT; and SAN DIEGO STATE UNIVERSITY,<br><br>                           Defendants. | Case No.: 3:25-cv-2490-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

      On September 17, 2025, Plaintiff Jerome L. Grimes ("Plaintiff"), a detainee at Larry D. Smith Correctional Facility in Riverside County, California, filed a pro se Complaint

(ECF No. 1) and a Motion to Proceed In Forma Pauperis ("IFP Motion") (ECF No. 2). In his Complaint, Plaintiff alleges acts of "economic espionage," invasion of privacy, and "illegal technology" by Defendants. (*See* ECF No. 1.) For the reasons discussed below, the Court denies Plaintiff's IFP Motion and dismisses the case.

## I. IFP MOTION

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face[] an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly payments" as provided by 28 U.S.C. § 1915(b)(1)–(2), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail[ed] to state a

1  claim," *King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court
2  styles such dismissal as a denial of the prisoner's application to file the action without
3  prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).
4  When courts "review a dismissal to determine whether it counts as a strike, the style of the
5  dismissal or the procedural posture is immaterial. Instead, the central question is whether
6  the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-
7  Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738
8  F.3d 607, 615 (4th Cir. 2013)).

9   Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit
10 of any subsequent IFP civil action or appeal in federal court unless he "makes a plausible
11 allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing."
12 *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also] requires
13 a nexus between [any] alleged imminent danger and the violations of law alleged in the
14 prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). Thus, to qualify for
15 an exception to the three-strikes rule, "a three-strikes prisoner must allege imminent danger
16 of serious physical injury that is both fairly traceable to unlawful conduct alleged in his
17 complaint and redressable by the court." *Id.* at 701.

18  **B. Discussion**
19   Here, the Court finds Plaintiff has well over three previous strikes pursuant to 28
20 U.S.C. § 1915(g). Federal courts "'may take notice of proceedings in other courts, both
21 within and without the federal judicial system, if those proceedings have a direct relation
22 to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting
23 *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). This Court takes judicial
24 notice of federal docket proceedings available on PACER and finds that Plaintiff Jerome
25 L. Grimes, currently identified as Douglas County Jail Inmate #202528807, has filed over
26 700 civil actions in multiple federal district courts and appellate courts across the country,
27
28

dating back to 1986.[1]

These dockets show Plaintiff has been in and out of state and local custody over the course of more than three decades, and due to his vexatiousness, has been denied leave to proceed IFP while incarcerated pursuant to 28 U.S.C. § 1915(g) in the Northern District of California, Western District of Louisiana, Eastern District of Kentucky, Middle and Northern Districts of Florida, the District of Maryland, and this district. *See, e.g.*, *Grimes v. Wan, et al.*, No. C 07-1726-CW (PR), 2007 WL 1988530, at *1 (N.D. Cal. July 3, 2007) ("On May 18, 2000, this Court informed Plaintiff that while he is a prisoner, he generally is ineligible to proceed [IFP] in federal court under the 'three-strikes' provisions of 28 U.S.C. § 1915(g)."); *Grimes v. Lewis, et al.*, No. 5:12-cv-03159-EEF-MLH (W.D. La. March 13, 2013) (ECF No. 16 at 1) ("Court records show that [Grimes] has filed more tha[n] 350 complaints and appeals. Three or more of them have been dismissed as frivolous."); *Grimes v. Medlock, et al.*, No. 6:15-cv-00140-DCR (E.D. Ky. Sept. 16, 2015) ("[T]he federal judiciary's on-line database indicates that 'Jerome L. Grimes' has filed almost 500 civil rights suits in the federal court system, mostly in California.") (ECF No. 8 at 3); *Grimes v. Kelly*, No. 6:15-cv-02073-PGB-DAB (M.D. Fla. Dec. 16, 2015) (ECF No. 5 at 2) ("A review of PACER confirms that [Grimes] has filed hundreds of actions in several district courts in the United States and has had three or more cases dismissed for failure to state a claim or as frivolous."); *Grimes v. Files, et al.*, No. 3:17-cv-00464-RV-CJK (N.D. Fla. April 12, 2018) (adopting Report & Recommendation denying IFP and dismissing civil action under 28 U.S.C. § 1915(g)) (ECF No. 10); *Grimes v. Engram, et al.*, No. 8:17-cv-01480-PX (D. Md. June 5, 2017) (denying IFP pursuant to 28 U.S.C. § 1915(g), noting Grimes's eight pending citations related to traffic violations in Montgomery County, Maryland in 2016, and his filing of "hundreds of cases in the federal courts") (ECF No. 6 at 2); *Grimes v. Enter. Rent-a-Car Co. of Los Angeles, LLC*, No. 22-

---

[1] *See* PACER, Party Search | PACER: PACER Case Locator (search "Jerome Grimes" as "Party") (last visited Sept. 23, 2025).

cv-00657-RSH-KSC, 2022 WL 3109570, at *3 (S.D. Cal. Aug. 4, 2022) (denying IFP pursuant to § 1915(g), dismissing case, and noting Grimes had previously filed more than 600 civil actions in federal courts).

    Plaintiff's litigation history shows he has not been precluded or dissuaded from filing hundreds of federal civil actions since he was first notified that he could no longer proceed IFP while incarcerated, absent any plausible claims of imminent danger. However, the "point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits." *Lomax v. Ortiz-Marquez*, 590 U.S. __, 602–03, 140 S. Ct. 1721, 1726 (2020). Thus, this Court finds that Plaintiff has, while incarcerated, had far more than three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

    Some specific examples of "strikes" filed and dismissed while Plaintiff was in the custody of the California Medical Facility in Vacaville, California, and the Orange County Corrections Department in Orlando, Florida include:

    (1)  *Grimes v. Cal. Dep't of Corr., et al.*, No. 2:00-cv-00668-WBS-JFM (E.D. Cal. May 2, 2000) (Order granting IFP and dismissing complaint sua sponte with leave to amend for "fail[ing] to state a cognizable claim for relief" pursuant to 28 U.S.C. § 1915A(b)) (ECF No. 5); *id.*, (E.D. Cal. June 22, 2000) (Findings and Recommendations ["F&Rs"] to dismiss civil action for failure to amend) (ECF No. 7); *id.*, (E.D. Cal. Aug. 8, 2000) (Order adopting F&Rs and dismissing action) (ECF No. 9);[2]

    (2)  *Grimes v. CDC-CMF/Dep't of Mental Health, et al.*, No. 2:00-cv-00781-DFL-DAD (E.D. Cal. April 24, 2000) (F&Rs to grant IFP and dismiss complaint sua sponte as frivolous and for failing to state a claim, pursuant to 28 U.S.C. § 1915A) (ECF No. 4);

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

*id.*, (E.D. Cal. June 22, 2000) (F&Rs to dismiss civil action for failure to amend) (ECF No. 6); *id.* (E.D. Cal. Aug. 17, 2000) (Order adopting F&Rs and dismissing action) (ECF No. 7);

(3) *Grimes v. Kelly*, No. 6:15-cv-01955-RBD-GJK (M.D. Fla. Nov. 30, 2015) (Order denying IFP and dismissing complaint that requested defendant police officer be subject to random drug and lie detector tests and "prosecuted paramilitarily" for "fail[ing] to provide a . . . claim for relief") (ECF No. 3);

(4) *Grimes v. Williams, et al.*, No. 1:15-cv-03848-JKB (D. Md. Dec. 23, 2015) (Memorandum and Order granting IFP and dismissing complaint for failing to state a claim for relief) (ECF Nos. 3–4); and

(5) *Grimes v. Tate, et al.*, No. 1:15-cv-03849-JKB (D. Md. Dec. 23, 2015) (Memorandum and Order granting IFP and dismissing complaint for failing to state a claim for relief) (ECF Nos. 3–4).

Because the Court finds Plaintiff has accumulated far more than the three "strikes" permitted by 28 U.S.C. § 1915(g), he can only proceed IFP if he raises "plausible allegations" that he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). The allegations in the Complaint are difficult to follow, but as best as the Court can decipher, Plaintiff seeks to hold Defendants liable for "economic espionage," "retaliation," and invasion of privacy. (ECF No. 1 at 1.) Plaintiff does not include any allegation that, even if liberally construed, suggests he faced imminent danger of serious physical injury at the time he filed his Complaint. Therefore, he is not entitled to the privilege of proceeding IFP in this civil action. *See Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999).

## II. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's IFP Motion (ECF No. 2) is denied as barred by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that this civil action is dismissed without prejudice, based on Plaintiff's failure to pay the full statutory and administrative $405 civil filing fee

1 | required by 28 U.S.C. § 1914(a). The Court certifies that an IFP appeal from this Order
2 | would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The
3 | Clerk of the Court shall close the case.

5 | Dated: October 17, 2025

*[signature: William Q. Hayes]*
Hon. William Q. Hayes
United States District Court